PEOPLE v CHAMBERS

Docket No. 123092. Submitted September 9, 1991, at Detroit. Decided October 8, 1991, at 9:05 A.M. Leave to appeal denied, 439 Mich 111.

Billy Joe Chambers pleaded guilty in the Recorder's Court for the City of Detroit of attempted possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine. The court, Edward M. Thomas, J., sentenced him to forty to sixty months' imprisonment, and ordered that the sentence be served consecutively to a sentence the defendant had already received in federal court. The defendant appealed, alleging that the court did not have the authority to order his sentence to be served consecutively to his federal incarceration.

The Court of Appeals *held*:

In the absence of statutory authority, where a defendant has been sentenced in federal court and is subsequently sentenced in a state court, the state sentence may not be imposed to commence at the completion of the federal sentence. The defendant was sentenced under the attempt statute, which does not authorize the imposition of consecutive sentencing. The portion of the judgment of sentence that ordered consecutive sentencing must be reversed.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*James C. Hall,* for the defendant on appeal.

Before: SULLIVAN, P.J., and HOOD and BRENNAN, JJ.

PER CURIAM. Pursuant to an agreement, defendant pleaded guilty of the reduced charge of at-

tempted possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine, MCL 750.92; MSA 28.287; MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and was sentenced to forty to sixty months' imprisonment. This sentence was ordered to be served consecutively to a sentence the defendant had already received in federal court. Defendant appeals as of right.

On appeal, defendant argues that the trial court was without authority to order his sentence to be served consecutively to his federal incarceration. We agree. In *In re Carey,* 372 Mich 378, 381; 126 NW2d 727 (1964), our Supreme Court held that

> where a defendant has been sentenced in Federal court, and is subsequently sentenced in a State court or courts, sentence may not be imposed to commence at the completion or expiration of Federal sentence, in the absence of statutory authority.

The prosecutor contends that such statutory authority exists in MCL 333.7401(3); MSA 14.15(7401)(3), which provides in part:

> A term of imprisonment imposed *pursuant to subsection (2)(a)* . . . shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. [Emphasis added.]

Defendant was not, however, sentenced pursuant to § 7401(2)(a). Defendant was sentenced under the attempt statute, MCL 750.92; MSA 28.287, which provides in relevant part:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such

offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, *when no express provision is made by law for the punishment of such attempt,* shall be punished as follows:

\*     \*     \*

2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year. [Emphasis added.]

We are not aware of any other statutory provision that would authorize the imposition of consecutive sentencing in this case. The provision relied on by the prosecutor is inapplicable, and no other statutory authorization has been presented. Accordingly, we reverse that portion of the judgment of sentence that ordered defendant's sentence to be served consecutively to his federal incarceration.

Reversed and remanded.