PEOPLE v JOHNSON

Docket No. 131550. Submitted July 15, 1992, at Lansing. Decided
    August 17, 1992, at·9:25 A.M.

Ameal A. Johnson was convicted by a jury in the Saginaw Circuit
    Court, Joseph R. McDonald, J., of second-degree retail fraud.
    He then pleaded guilty of being an habitual offender, fourth
    offense, including a conviction of attempted larceny from a
    building. Pursuant to MCL 750.356c(2); MSA 28.588(3)(2), and
    on the basis of his conviction of attempted larceny, he was
    found to have committed and was sentenced for first-degree
    retail fraud. He appealed.

    The Court of Appeals *held:*

    A prior conviction of attempted larceny from a building is
    not sufficient to raise second-degree retail fraud to first-degree
    retail fraud. A conviction of an attempt to commit one of the
    offenses enumerated in the first-degree retail fraud statute is
    not sufficient to· constitute a conviction of that offense. Attempt
    is a separate, substantive offense punishable under its own
    statute. The defendant properly was found to be guilty of
    second-degree retail fraud. The first-degree retail fraud convic-
    tion must be vacated and the case remanded for entry of a
    conviction of second-degree retail fraud and for resentencing.

    Vacated and remanded.

Criminal Law — Retail Fraud — Habitual Offenders.

    A person who commits second-degree retail fraud and has one or
    more prior convictions of offenses enumerated in the first-de-
    gree retail fraud statute may be convicted of first-degree retail
    fraud; a conviction of an attempt to commit one of the enumer-·
    ated offenses is not sufficient to constitute a conviction of one of
    the enumerated offenses (MCL 750.356c[2], 750.356d; MSA
    28.588[3][2], 28.588[4]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Habitual Criminals and Subsequent Offenders§§ 14, 15.
See the Index to Annotations under Habitual Criminals and Subse-
    quent Offenders.

*Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, *J. Thomas Horiszny,* Assistant Prosecuting Attorney, and *Laura A. Chappelle,* Former Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for the defendant on appeal.

Before: SAWYER, P.J., and CONNOR and A. G. BEST, II,* JJ.

SAWYER, P.J. Defendant was convicted of first-degree retail fraud, MCL 750.356c(2); MSA 28.588(3)(2), and thereafter pleaded guilty of being a fourth-felony offender, MCL 769.12; MSA 28.1084. He was sentenced to serve two to fifteen years in prison. He now appeals, and we vacate his conviction and remand the matter to the trial court for entry of a conviction of second-degree retail fraud, MCL 750.356d; MSA 28.588(4), and resentencing accordingly.

Defendant's conviction arises out of the theft of less than $100 worth of merchandise and would normally have constituted second-degree retail fraud. However, MCL 750.356c(2); MSA 28.588(3)(2) provides for conviction of first-degree retail fraud for conduct that would otherwise constitute second-degree retail fraud if the defendant previously has been convicted of one of the offenses enumerated in the statute. Defendant admits a prior conviction of attempted larceny in a building, MCL 750.92; MSA 28.287 and MCL 750.360; MSA 28.592, thus resulting in his conviction of first-degree retail fraud.

The question presented, whether a prior convic-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion of attempted larceny in a building is sufficient to raise second-degree retail fraud to first-degree retail fraud, is one of first impression. MCL 750.356c(2); MSA 28.588(3)(2) provides as follows:

> A person who violates section 356d and has 1 or more prior convictions under this section, section 218, 356, 356d, or 360, or a local ordinance substantially corresponding to this section or section 218, 356, 356d, or 360 is guilty of retail fraud in the first degree.

The question thus is whether a conviction of an attempt to commit one of the enumerated offenses is sufficient to constitute a conviction of one of the enumerated sections. The heart of the question is whether a conviction of an attempt to commit an offense constitutes a conviction of the substantive, underlying offense for which the attempt statute merely provides a different penalty, or whether an attempt is a separate, substantive offense.

Attempt is an inchoate offense, the punishment for which is provided in MCL 750.92; MSA 28.287:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:
>
> 1. If the offense attempted to be committed is such as is punishable with death, *the person convicted of such attempt shall be guilty of a felony,* punishable by imprisonment in the state prison not more than ten [10] years;
>
> 2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for five [5] years or more, *the person*

*convicted of such attempt shall be guilty of a felony,* punishable by imprisonment in the state prison not more than five [5] years or in the county jail not more than one [1] year;

3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than five [5] years, or imprisonment in the county jail or by fine, *the offender convicted of such attempt shall be guilty of a misdemeanor,* punishable by imprisonment in the state prison or reformatory not more than two [2] years or in any county jail not more than [1] year or by a fine not to exceed one thousand [1,000] dollars; but in no case shall the imprisonment exceed one-half [½] of the greatest punishment which might have been inflicted if the offense so attempted had been committed. [Emphasis added.]

The wording of the statute indicates that the Legislature created the separate, inchoate crime of "attempt." The statute, in three locations, states that a person who is convicted of an attempt is guilty of a felony or a misdemeanor, depending on the nature of the attempt, and the statute proscribes a punishment. This is language that creates a substantive offense of "attempt," not merely one that modifies the punishment applicable to the completed offense where the defendant did not complete the underlying offense.

In fact, the general view is that attempt is a lesser-included offense of the completed offense. In *People v Adams,* 416 Mich 53, 57, 61; 330 NW2d 634 (1982), the Supreme Court concluded that attempt is a cognate lesser-included offense of the underlying offense, overruling a prior case that held that attempt is a necessarily lesser-included offense. The Court reasoned that "the elements of an attempt are not duplicated in the completed offense." *Id.* at 56. See also 2A Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1072, p 736

(attempt is a necessarily included offense in every charge of a crime).[1] Moreover, the criminal jury instructions regarding attempt as a lesser offense refer to attempt as being a "less serious crime." CJI2d 9.2.

For these reasons, we conclude that attempt is a separate, substantive offense punishable under its own statute.[2] Thus, the crime of attempted larceny in a building is separate from the crime of larceny in a building. Furthermore, while larceny in a building (§ 360 of the Penal Code) is one of the enumerated offenses in the first-degree retail fraud statute, attempt (§ 92 of the Penal Code) is not. Therefore, defendant is not guilty of first-degree retail fraud, only second-degree retail fraud.

This conclusion is also consistent with the rule of lenity. The Supreme Court explained the rule of lenity in *People v Gilbert,* 414 Mich 191, 211; 324 NW2d 834 (1982):

> Because courts are wary of creating crimes, penal statutes are to be strictly construed and any ambiguity is to be resolved in favor of lenity:
> " 'When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or antisocial conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.' " *Bell v United States,* 349 US 81, 83; 75 S Ct 620; 99 L Ed 905 (1955), quoted approv-

---

[1] Gillespie seems to have overlooked the change in *Adams* that attempts are now considered cognate included, not necessarily included.

[2] It should be noted that, as acknowledged in the attempt statute, some statutes provide punishment for both the attempt and the underlying offense. However, this is not the case with the larceny in a building statute.

ingly in *People v Bergevin,* 406 Mich 307, 312; 279 NW2d 528 (1979).

> The scope of this statute is at least uncertain; it should be applied only to those acts which the Legislature clearly meant to proscribe.

See also *People v Rehkopf,* 422 Mich 198, 207; 370 NW2d 296 (1985).

Although there certainly are reasons to include attempts to commit one of the enumerated crimes in the first-degree retail fraud statute, the Legislature did not explicitly include attempts. The Legislature could have, if it had so desired, included the phrase "or an attempt to commit" in § 356c(2), but did not. For all this Court knows, the Legislature considered, and rejected, including attempts in the statute. Certainly "[t]he scope of this statute is at least uncertain," *Gilbert, supra* at 211, and, therefore, under the rule of lenity this Court should conclude that an attempt to commit one of the enumerated offenses is insufficient to raise second-degree retail fraud to first-degree retail fraud.

Brief consideration should be given to the one case cited by the prosecutor, *People v Brown,* 186 Mich App 350; 463 NW2d 491 (1990). *Brown* did comment that two of the defendant's three prior felony convictions were for offenses enumerated in § 356c(2), noting those to be larceny in a building and attempted larceny in a building. *Id.* at 352. However, whether attempted larceny in a building is actually an enumerated offense was not an issue before the Court, and, thus, its statement that it is an enumerated offense is not part of the holding of *Brown.* Rather, the Court merely assumed that it was without analyzing the issue.

In light of the resolution of this issue, it is unnecessary for us to address defendant's remaining issues.

Defendant's conviction is vacated and the matter is remanded to the trial court with instructions to enter a conviction of second-degree retail fraud and to resentence defendant accordingly. We do not retain jurisdiction.