PEOPLE v ANDERSON

Docket No. 145100. Submitted June 9, 1993, at Grand Rapids. Decided
      December 7, 1993, at 9:20 A.M.

   Terry Anderson pleaded guilty in the Muskegon Circuit Court, R.
   Max Daniels, J., of attempted conspiracy to deliver cocaine. The
   court sentenced the defendant to a prison term of five to ten
   years, enhancing the five-year maximum sentence of the at-
   tempt statute pursuant to a sentence enhancement provision in
   the controlled substances act, MCL 333.7413(2); MSA
   14.15(7413)(2). The defendant appealed, arguing that the en-
   hancement of the sentence was improper.

      The Court of Appeals *held:*

      Section 7413(2) of the controlled substances act is applicable
   only where a conviction is for an act made criminal by that act.
   Because the defendant was convicted under the attempt statute
   rather than the controlled substances act, § 7413(2) is not
   applicable, and enhancement of the defendant's sentence was
   improper.

      Remanded for resentencing.

      WHITE, P.J., concurring, additionally stated that the enhance-
   ment provision was intended to apply only to sentences im-
   posed under the act in which the enhancement provision is
   found.

*Jeanice Dagher-Margosian,* for the defendant.

Before: WHITE, P.J., and NEFF and C. C.
SCHMUCKER,* JJ.

PER CURIAM. Defendant pleaded guilty of at-
tempted conspiracy to deliver cocaine, MCL
333.7401; MSA 14.15(7401); MCL 750.92; MSA
28.287; MCL 750.157(a); MSA 28.354(1). Defendant
was sentenced to a prison term of five to ten years.
Defendant appeals as of right. We affirm defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's conviction, but remand this case to the trial court for resentencing.

The trial court enhanced defendant's sentence pursuant to MCL 333.7413(2); MSA 14.15(7413)(2) on the basis of defendant's previous conviction of attempted possession with intent to deliver cocaine. Defendant asserts that the enhancement was improper. We agree.

The enhancement provision states:

> Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice that otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

Defendant argues that enhancement under that provision was improper because an attempt to commit an "offense under this article" does not constitute the commission of one of the offenses under the article. The specific question presented is one of first impression.

Defendant cites *People v Chambers,* 191 Mich App 430; 478 NW2d 709 (1991), in support of his argument. In that case, the defendant was convicted by plea of attempted possession with intent to deliver 50 grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The trial court ordered that the sentence be served consecutively to one the defendant had already received in federal court. The prosecutor argued that the consecutive sentence was proper pursuant to MCL 333.7401(3); MSA 14.15(7401)(3), which provides in part:

> A term of imprisonment imposed pursuant to subsection (2)(a) . . . shall be imposed to run con-

secutively with any term of imprisonment imposed for the commission of another felony.

This Court ruled that consecutive sentencing was improper because the defendant was not sentenced pursuant to § 7401(2)(a). Instead he was sentenced pursuant to MCL 750.92; MSA 28.287, the attempt statute. *Chambers, supra,* p 431.

Defendant also cites *People v Johnson,* 195 Mich App 571; 491 NW2d 622 (1992). In that case, the defendant had been convicted of first-degree retail fraud, MCL 750.356c(2); MSA 28.588(3)(2). A person who engages in conduct that would otherwise constitute second-degree retail fraud can be convicted of first-degree retail fraud if he has one or more prior convictions of certain enumerated offenses, one of which is larceny in a building. The defendant had a prior conviction of attempted larceny in a building. This Court stated:

> The question thus is whether a conviction of an attempt to commit one of the enumerated offenses is sufficient to constitute a conviction of one of the enumerated sections. The heart of the question is whether a conviction of an attempt to commit an offense constitutes a conviction of the substantive, underlying offense for which the attempt statute merely provides a different penalty, or whether an attempt is a separate, substantive offense. [*Id.,* p 573.]

From a review of the wording of the attempt statute and a consideration of the fact that the elements of an attempt are not the same as those of the completed offense, this Court concluded that attempt is a substantive offense separate from the underlying offense. *Id.,* p 575. That premise, taken

together with the fact that larceny in a building was one of the enumerated offenses in the first-degree retail fraud statute but attempted larceny in a building was not, resulted in this Court holding that the defendant was not guilty of first-degree retail fraud. *Id.* This Court went on to observe that that conclusion was consistent with the rule of lenity regarding penal statutes. *Id.*

Applying the reasoning of *Johnson* to the present case results in the conclusion that enhancement of defendant's sentence was improper. Delivery of cocaine is one of the offenses under the article. However, an attempt to conspire to deliver cocaine is a separate offense from delivery of cocaine.

Under the terms of § 7413(2), enhancement is authorized when a defendant is convicted of a second or subsequent offense under that article. As in *Chambers,* defendant was convicted of the present offense under the attempt statute. He was not convicted under the drug provisions. Therefore, enhancement of his sentence under § 7413(2) was improper.

Remanded for resentencing. We do not retain jurisdiction.

WHITE, P.J. *(concurring).* I concur for the reasons stated in the per curiam opinion and for the additional reason that I am of the opinion that separate and apart from the "convicted of a second or subsequent offense under this article" language, the enhancement provision was intended to provide for the enhancement of sentences imposed under the act in which the enhancement provision is found. Defendant was not sentenced under the act and so the enhancement provision does not apply.