PEOPLE v NOLAN

Docket No. 156178. Submitted February 1, 1994, at Grand Rapids.
Decided February 22, 1994, at 9:05 A.M.

    Robert H. Nolan pleaded guilty in the Alpena Circuit Court,
Joseph P. Swallow, J., of three counts of second-degree criminal
sexual conduct and, as a second or subsequent offender, of two
counts of delivery of less than fifty grams of cocaine. He was
sentenced to concurrent prison terms of six to fifteen years for
the criminal sexual conduct convictions and to consecutive
prison terms of two to twenty years for the drug convictions.
The defendant appealed, claiming that the sentences for the
drug convictions should be served concurrently with the other
sentences.

    The Court of Appeals *held:*

    The defendant, who pleaded guilty of substantive offenses
under MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), is sub-
ject to consecutive sentencing pursuant to MCL 333.7401(3);
MSA 14.15(7401)(3) because he was also sentenced for other
felony convictions, and is subject to sentence enhancement
pursuant to MCL 333.7413(2); MSA 14.15(7413)(2) because he is
an habitual drug offender. The defendant is incorrect in claim-
ing that § 7413(2) solely controls his sentence and that he is not
subject to consecutive sentencing in the absence of a provision
in § 7413(2) for consecutive sentencing.

    Affirmed.

SENTENCES — CONTROLLED SUBSTANCES — HABITUAL OFFENDERS —
    SENTENCE ENHANCEMENT — CONSECUTIVE SENTENCES.

    Where a defendant is convicted of a controlled substances offense
as a second or subsequent controlled substances offender and
also is convicted of another felony, any sentence of imprison-
ment for the controlled substances offense may be enhanced
because of the defendant's habitual offender status to no more

REFERENCES

Am Jur 2d, Criminal Law §§ 551-556, 624-631; Habitual Criminals
    and Subsequent Offenders §§ 1-16.
See ALR Index under Concurrent and Consecutive Sentences; Drugs
    and Narcotics; Habitual Criminals and Subsequent Offenders;
    Sentence and Punishment.

than twice the term otherwise authorized and must run consecutively to the sentence for the other felony if the controlled substances offense is of the type for which consecutive sentencing is required when the defendant is contemporaneously sentenced for another felony (MCL 333.7401[3], 333.7413[2]; MSA 14.15[7401][3], 14.15[7413][2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis P. Grenkowicz,* Prosecuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

*Steven R. Sonenberg,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and SAWYER and J. T. HAMMOND,* JJ.

SAWYER, J. Defendant pleaded guilty to three counts of criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3), and to two counts of delivery of less than fifty grams of cocaine as a second or subsequent offender, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), MCL 333.7413(2); MSA 14.15(7413)(2). He was sentenced for the criminal sexual conduct convictions to three concurrent terms of six to fifteen years in prison, and to consecutive terms of two to twenty years in prison for each of the drug convictions. Thus, each of the drug sentences was to run consecutively as were the criminal sexual conduct sentences as a group with respect to the drug sentences. Defendant now appeals and we affirm.

Defendant's only argument on appeal is that his sentences were not to be served consecutively inasmuch as he was sentenced under the sentence enhancement provisions of MCL 333.7413(2); MSA 14.15(7413)(2). We disagree. MCL 333.7401(3); MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

14.15(7401)(3) provides that sentences for certain controlled substance offenses are to be imposed to run consecutively with any term of imprisonment imposed for the commission of any other felony. Defendant argues that because he was sentenced under the sentence enhancement provisions of MCL 333.7413(2); MSA 14.15(7413)(2), which authorize the imposition of a sentence of not more than twice the term otherwise authorized with respect to the current controlled substance convictions, and which have no corresponding consecutive sentencing feature, the court should not have imposed consecutive sentences. We disagree.

Defendant relies upon our opinion in *People v Chambers,* 191 Mich App 430; 478 NW2d 709 (1991), wherein we held that the consecutive sentencing provision of MCL 333.7401(3); MSA 14.15(7401)(3) is inapplicable to a sentence of attempted possession with intent to deliver inasmuch as the sentence is imposed under the attempt statute rather than the controlled substance statute. *Id.* at 431.

The flaw in defendant's reasoning, however, is that while attempt represents a separate substantive offense, the enhancement provisions of MCL 333.7413; MSA 14.15(7413) do not represent a separate substantive offense. That is, where an attempt is involved, the defendant is not guilty of violating the underlying criminal offense, but is guilty of the substantive offense of attempt, which is separate from the underlying crime. *People v Johnson,* 195 Mich App 571, 575; 491 NW2d 622 (1992); *Chambers, supra* at 431-432. On the other hand, the sentence enhancement provisions of MCL 333.7413; MSA 14.15(7413) do not create a separate substantive offense, but merely authorize the enhancement of a sentence otherwise authorized for the violation of a substantive offense, in

the case at bar that substantive offense being MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), for which the consecutive sentencing provisions of MCL 333.7401(3); MSA 14.15(7401)(3) apply. Simply put, habitual offender status is not a substantive offense. *People v Gren*, 152 Mich App 20, 26; 391 NW2d 508 (1986). That is, a person is not sentenced under the habitual offender statute, but is sentenced for the underlying offense for which a habitual offender statute may authorize an increased prison term. See *Gren, supra.*

Thus, in the case at bar, defendant was not, as he states in his brief, sentenced pursuant to the sentence enhancement provision contained in MCL 333.7413(2); MSA 14.15(7413)(2). Rather, defendant was sentenced pursuant to the provisions of MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), the substantive offense of which he is guilty, with the provisions of MCL 333.7413(2); MSA 14.15(7413)(2) merely authorizing a maximum sentence of twice that which would normally be imposed under MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a). Accordingly, defendant was still sentenced pursuant to MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a) and, therefore, was subject to a consecutive sentence under the provisions of MCL 333.7401(3); MSA 14.15(7401)(3).

Affirmed.