81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antoine CHAPPELL, Defendant-Appellant.
 No. 95-1418.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1994, Antoine Chappell was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possessing and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1); and possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). The felon in possession of a firearm charge was dismissed upon motion of the government. A jury found Chappell guilty of the drug charge and not guilty of the unregistered firearm charge. On March 22, 1995, Chappell was sentenced to 262 months of incarceration.
 
 
 2
 Chappell contends that the Sentencing Commission exceeded its authority in allowing an attempt conviction to support a sentence enhancement under the career offender provision of the Sentencing Guidelines. USSG § 4B1.1. This exact argument was rejected by the Eleventh Circuit in United States v. Smith, 54 F.3d 690, 692-93 (11th Cir.), cert. denied, 116 S.Ct. 329 (1995). We find the Eleventh Circuit's analysis persuasive and, therefore, reject Chappell's argument. See also United States v. Williams, 53 F.3d 769, 772 (6th Cir.1995), cert. denied, 116 S.Ct. 928 (1996) (Commission did not exceed its authority by including a conspiracy conviction under § 4B1.1).
 
 
 3
 Chappell also contends that because Michigan does not consider an attempt to deliver a controlled substance as a drug offense, People v. Anderson, 509 N.W.2d 548, 549 (Mich.App.1993) (per curiam), his state drug conviction cannot be used to satisfy the prior drug offense requirement of § 4B1.1. Although we have not had the opportunity to address this issue, a similar question was presented in United States v. Brunson, 907 F.2d 117, 120-21 (10th Cir.1990). In Brunson, the Tenth Circuit found that the guidelines are to be applied without strict reference to state criminal definitions. The court reasoned that failure to do so would cause inconsistent sentences which the guidelines were designed to eliminate. Id. As § 4B1.2 comment. (n. 1) includes attempt convictions, we reject Chappell's argument.
 
 
 4
 Chappell asserts that the career offender enhancement was unconstitutionally applied. However, Chappell's sentence did fall within the term of years designated by Congress. Further, to the extent that Chappell feels that his sentence is so long as to constitute cruel and unusual punishment, federal courts will not engage in a proportionality analysis except in cases involving the death penalty or a sentence of life without parole. United States v. Thomas, 49 F.3d 253, 261 (6th Cir.1995).
 
 
 5
 Finally, Chappell argues that the penalty disparity between crack cocaine and powder cocaine violates the Equal Protection Clause. This argument was rejected in United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 506 U.S. 892 (1992). Accordingly, we affirm the district court's judgment.