PEOPLE v HUNTER

Docket No. 155245. Submitted September 14, 1993, at Lansing. Decided October 5, 1993, at 9:15 A.M.

Domenick F. Hunter was convicted by a jury in the Genesee Circuit Court, Valdemar L. Washington, J., of possession with intent to deliver more than fifty but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). In the same court but before another judge, Earl E. Borradaile, J., the defendant pleaded guilty of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). The defendant received a prison sentence of ten to twenty years for the first conviction and then received a concurrent prison term of twelve to eighteen months for the second conviction. The prosecution appealed, contending that pursuant to MCL 333.7401(3); MSA 14.15(7401)(3) the sentence for the second conviction should have been made consecutive to the sentence for the first conviction.

The Court of Appeals *held:*

MCL 333.7401(3); MSA 14.15(7401)(3) provides that a term of imprisonment imposed pursuant to § 7401(2)(a) or § 7403(2)(a)(i), (ii), (iii), or (iv) must be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. By its plain terms, § 7401(3) does not apply to the sentencing for the second conviction in this case because that conviction was under § 7403(2)(a)(v), and not under § 7401(2)(a) or § 7403(2)(a)(i), (ii), or (iv).

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Morris R. Kent,* Assistant Prosecuting Attorney, for the people.

*William M. Haggerty,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and FITZGERALD and TAYLOR, JJ.

PER CURIAM. In this case we are presented with the question whether the mandatory sentencing provision for major controlled substance offenders, MCL 333.7401(3); MSA 14.15(7401)(3), is applicable when the sentence subject to consecutive sentencing precedes the sentence imposed for the commission of another felony.

I

On April 3, 1992, in a case not related to the case on appeal before us, defendant was convicted by a jury of possession with intent to deliver more than fifty but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). Defendant was sentenced by Judge Valdemar Washington on May 7, 1992, to a prison term of ten to twenty years.

In the case currently before us, defendant pleaded guilty, pursuant to a plea agreement, of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). The original sentencing date of April 28, 1992, was adjourned to May 5, 1992, to facilitate completion of the presentence information report. On May 5, 1992, the trial judge adjourned the sentencing hearing to May 7, 1992, the date set for sentencing in the other case. Because the prosecutor raised the issue of consecutive sentencing, the sentencing hearing was once again adjourned to permit the parties to address the issue. On May 8, 1992, Judge Earl Borradaile sentenced defendant to a prison term of twelve to eighteen months, with credit for thirty-seven days served, to be served concurrently with the sentence imposed in the other case. The prosecutor moved for, and

the judge denied, a motion to correct the sentence for the imposition of a consecutive sentence.

The prosecution appeals as of right from Judge Borradaile's determination that he did not have authority to impose a consecutive sentence pursuant to MCL 333.7401(3); MSA 14.15(7401)(3), which provides that a sentence imposed for certain violations of §§ 7401 and 7403 "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of any other felony."

II

MCL 333.7401(3); MSA 14.15(7401)(3) governs where a defendant commits a controlled substance offense and another felony. Section 7401(3) is limited in its application, however, to "[a] term of imprisonment imposed pursuant to subsection (2) (a) or section 7403(2)(a)(i), (ii), (iii), or (iv)." A consecutive sentence may be imposed only if specifically authorized by statute. *People v Chambers,* 430 Mich 217, 222; 421 NW2d 903 (1988). By its clear terms, § 7401(3) does not authorize consecutive sentencing of a term of imprisonment imposed pursuant to § 7403(2)(a)(v). Hence, Judge Borradaile did not have authority to impose a consecutive sentence.

The prosecution argues, however, that Judge Borradaile was required to impose a consecutive sentence because he was the last in time to sentence. The prosecution relies on *Chambers, supra,* to support its argument. In *Chambers,* the Court held that a court that imposes sentence upon a defendant who is awaiting sentencing in a separate court for a separate offense lacks discretion to impose a consecutive sentence. The prerogative of consecutive sentencing is accorded only to the court last in time to impose sentence. *Id.* at 231.

*Chambers* is not controlling in the instant case. In *Chambers,* the Court construed the statutory language of MCL 768.7b; MSA 28.1030(2), which is markedly different from the language of § 7401(3). MCL 768.7b; MSA 28.1030(2) authorizes consecutive sentencing when the defendant commits a second felony while felony charges are pending and applies when there are "sentences imposed for the conviction of the prior charged offense and the subsequent offense." In that situation, a consecutive sentence is authorized for each felony. In contrast, the language of § 7401(3) contemplates the existence of a sentence for "another felony" and places the authority to impose a consecutive sentence on the trial judge who is imposing a term of imprisonment pursuant to § 7401(3). The other felony will not always be one subject to consecutive sentencing.

At the time defendant was sentenced by Judge Washington in the other case, no term of imprisonment had been imposed for the commission of another felony. Thus, § 7401(3) did not authorize a consecutive sentence.[1] Had defendant been sentenced in this case before imposition of the sentence in the other case, he would have been subject to a mandatory consecutive sentence. Because of the sequence of the sentences in this case, however, consecutive sentencing was not authorized by statute.[2]

---

[1] The requirement of the existence of a sentence imposed for the commission of another felony is consistent with the Supreme Court's pronouncement in *Chambers, supra,* that the imposition of a consecutive sentence on the basis of a sentence yet to be imposed does not constitute sound sentencing practice.

[2] We acknowledge that the mere sequencing of sentencing may operate, as it did in this case, to circumvent the Legislature's intent to impose a consecutive sentence on controlled substance offenders who are repeat felons. However, this is a matter properly left for the Legislature's concern.

The prosecution also challenges the jail credit that defendant received. Specifically, the prosecution argues that jail credit defeats the deterrent effects of a consecutive sentence. However, our conclusion that consecutive sentencing was not authorized in this case renders this argument moot. Furthermore, the prosecution has failed to cite any relevant case law in support of its position. A party may not leave it to this Court to search for authority to sustain or reject its position. *People v Fowler,* 193 Mich App 358, 361; 483 NW2d 626 (1992).

Affirmed.