PEOPLE v DAVENPORT

Docket No. 156170. Submitted February 2, 1994, at Lansing. Decided May 17, 1994, at 9:35 A.M.

Clover L. Davenport pleaded guilty in the Ingham Circuit Court, Lawrence M. Glazer, J., of two counts of delivery of less than fifty grams of cocaine. Because she had a prior conviction of delivery of cocaine, her sentences were enhanced pursuant to MCL 333.7413(2); MSA 14.15(7413)(2) and she was sentenced to consecutive prison terms of two to forty years. She appealed, alleging that the court erred in imposing sentences that were both enhanced and consecutive.

The Court of Appeals *held:*

1. The sentences of double the minimum sentences otherwise authorized for the convictions were proper. MCL 333.7413(2); MSA 14.15(7413)(2) allows a sentence double the minimum sentence otherwise authorized for certain repeat drug offenders such as the defendant.

2. The defendant properly was sentenced under MCL 333.7401(3); MSA 14.15(7401)(3) to consecutive terms of imprisonment for her convictions. Section 7401(3) clearly states that the prison term for any controlled substances offenses listed therein, including the defendant's violations of MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a), shall run consecutively with any prison term imposed for another felony. For purposes of § 7401(3), another felony may include the commission of an additional felony violation of the same controlled substances provision (as in this case), the commission of a different felony violation of the controlled substances act, or the violation of any other felony provision. This interpretation of § 7401(3) does not render meaningless MCL 768.7b(2)(b); MSA 28.1030(2)(b), which requires mandatory consecutive sentences for a major controlled substances offense only if the offense is committed while other felony charges are pending. The two statutes address separate and distinct situations. Although imposition of

REFERENCES

Am Jur 2d, Criminal Law § 552.
Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

consecutive sentences is mandatory under § 7b(2)(b) when a defendant commits a major controlled substances felony while other felony proceedings are pending, § 7401(3) governs when a defendant commits certain controlled substances offenses and another felony, irrespective of pending felony charges.

3. Because the defendant's convictions were based on § 7401(2)(a), it was proper under § 7401(3) for the court to order that the sentences be served consecutively.

Affirmed.

SENTENCES — CONSECUTIVE SENTENCING — CONTROLLED SUBSTANCES.

    A sentence for a conviction under § 7401(2)(a) or § 7403(2)(a)(i)-(iv) of the controlled substances act for unlawfully manufacturing, delivering, or possessing a controlled substance must be imposed to run consecutively with any term of imprisonment imposed on a defendant for an additional violation of the same provision, a felony violation of another provision of the act, or any other felony (MCL 333.7401[2][a],[3], 333.7403[2][a][i]-[iv]; MSA 14.15[7401][2][a],[3], 14.15[7403][2][a][i]-[iv]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Susan L. LeDuc,* Deputy Chief Assistant Prosecutor, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: McDONALD, P.J., and FITZGERALD and M. F. SAPALA,* JJ.

PER CURIAM. Defendant pleaded guilty of two counts of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2) (a)(iv), and was sentenced to consecutive prison terms of from two to forty years. Defendant appeals from her sentences, claiming the sentencing court erred in imposing sentences that were both enhanced and consecutive. We disagree and affirm.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Defendant had also been convicted in 1989 of delivery of cocaine. As a repeat drug offender, upon her present convictions defendant was subject to MCL 333.7413(2); MSA 14.15(7413)(2), which provides:

> Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

This statute, which is a "sentence enhancement provision," allows sentencing courts to punish repeat drug offenders by doubling the minimum sentence otherwise authorized. *People v Scott,* 197 Mich App 28; 494 NW2d 765 (1992). Thus, under MCL 333.7413(2); MSA 14.15(7413)(2), defendant was subject with regard to the present convictions to double the minimum penalty authorized by MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), which provides for a sentence of one to twenty years' imprisonment. The sentencing court properly sentenced defendant to two to forty years for each conviction.

Courts may impose consecutive sentences if specifically authorized by statute. *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983). Under MCL 333.7401(3); MSA 14.15(7401)(3),

> [a] term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

The statute clearly states the prison term for any controlled substances offenses listed therein, which

list includes the offense for which defendant was convicted, shall run consecutively with any prison term imposed for "another felony." "Another felony" may include the commission of an additional felony violation of the same controlled substances provision, the commission of a different felony violation of the controlled substances act, or the violation of any other felony provision. *People v Kent,* 194 Mich App 206; 486 NW2d 110 (1992); *People v Cline,* 190 Mich App 1; 475 NW2d 362 (1991). Defendant properly was sentenced under MCL 333.7401(3); MSA 14.15(7401)(3) to consecutive terms for her convictions of two counts of delivery of less than fifty grams of cocaine.

Defendant's contention that this construal of § 7401(3) renders meaningless MCL 768.7b(2)(b); MSA 28.1030(2)(b), which requires mandatory consecutive sentences for a major controlled substances offense only if the offense is committed while other felony charges are pending, was specifically rejected by this Court in *Kent, supra.*

We also reject defendant's contention that her sentences enhanced under § 7413 can not run consecutively under § 7401(3) because "the terms of imprisonment were imposed pursuant to section 7413, not pursuant to § 7401." Thus, defendant argues because § 7401(3) does not include a violation of § 7413(2), consecutive sentences can not be imposed upon her convictions. Defendant's sentences were imposed "pursuant to" or "upon" her convictions, which were based upon § 7401. Section 7413(2) is a sentencing enhancement provision, not a provision creating a separate crime. Moreover, accepting defendant's position would result in the imposition of consecutive sentences only on those offenders committing a major controlled substances offense and another felony, but not for

repeat drug offenders. This interpretation is contrary to the legislative intent of article 7 of the Public Health Code, which is liberally construed to protect and promote public health, safety, and welfare. MCL 333.1111(2); MSA 14.15(1111)(2); *People v Ham-Ying,* 142 Mich App 831; 371 NW2d 874 (1985); *People v Hardy,* 188 Mich App 305; 469 NW2d 50 (1991).

Affirmed.