PEOPLE v MORRIS

PEOPLE v HADLEY

PEOPLE v MOREAU

Docket Nos. 96606, 97136, 98081. Argued May 2, 1995 (Calendar Nos. 2-4). Decided August 22, 1995. Rehearings denied in *Moreau* and *Morris, post,* 1212. ·

Otis Morris was convicted by a jury in the Ingham Circuit Court, Michael G. Harrison, J., of delivery of less than fifty grams of cocaine. While on bond pending sentencing, he additionally sold less than fifty grams of cocaine to undercover officers on three separate occasions. Thereafter, he was charged in the Ingham Circuit Court with two counts of possession with intent to deliver less than fifty grams of cocaine, was convicted by a jury, and was sentenced to two prison terms to be served concurrently with the term for the original drug conviction. The defendant also was charged in the Eaton Circuit Court, Thomas S. Eveland, J., with one count of possession with intent to deliver less than fifty grams of cocaine, was found guilty by a jury, and was sentenced to six to twenty years, to be served consecutively to any previous sentence. The Court of Appeals, MURPHY, P.J., and MICHAEL J. KELLY and WAHLS, JJ., affirmed in an unpublished memorandum opinion, holding that consecutive sentencing was mandatory under MCL 333.7401(3); MSA 14.15(7401)(3) (Docket.No. 127558). The defendant appeals.

Robert B. Hadley pleaded guilty in the Eaton Circuit Court, Thomas S. Eveland, J., of possession with intent to deliver more than fifty, but less than 225, grams of pethidine, and possession with intent to deliver less than fifty grams of morphine. The court found that § 7401(3) required the sentences imposed to run consecutively. The Court of Appeals, SHEPHERD and FITZGERALD, JJ. (MICHAEL J. KELLY, P.J., dissenting), affirmed (Docket No. 139375). The defendant appeals.

Omott C. Moreau was convicted by a jury in the Oakland Circuit Court, David F. Breck, J., of delivery of less than fifty grams of cocaine. While apparently on probation for that offense, the defendant additionally sold cocaine to an undercover agent. Thereafter, he was convicted by a jury, Fred M. Mester, J., of three counts of delivery of more than fifty, but less than 225,

grams of cocaine, and was sentenced to three prison terms to be served consecutively to the sentence imposed for the original cocaine delivery offense. The Court of Appeals, McDONALD, P.J., and SAWYER and MARILYN KELLY, JJ., affirmed in an unpublished opinion per curiam (Docket No. 141413). The defendant appeals.

In an opinion by Justice BOYLE, joined by Chief Justice BRICKLEY, and Justices RILEY, MALLETT, and WEAVER, the Supreme Court *held:*

The term "another felony" as used in MCL 333.7401(3); MSA 14.15(7401)(3) includes any felony for which a defendant has been sentenced either before or simultaneously with a controlled substance felony enumerated in § 7401(3) for which the defendant is being sentenced. The phrase applies to felonies that violate any provision of the controlled substances act, including additional violations of the same controlled substance provision for which the defendant is being sentenced, or any other felony. Sentences imposed in the same sentencing proceeding are assumed to be imposed simultaneously. Where any of the felonies for which a defendant is being sentenced in the same proceeding is covered by the mandatory consecutive sentencing provision of § 7401(3), the sentence for that felony must be imposed to run consecutively to the term of imprisonment imposed for other nonenumerated felonies.

1. The enhancement of punishment through consecutive sentencing under MCL 333.7401(3); MSA 14.15(7401)(3) is a legislative action taken for the ostensible purpose of deterring certain criminal behavior by mandating that sentences imposed for the drug crimes enumerated in the statute run consecutively to sentences imposed for any other felonies. Absent a convincing indication that the Legislature meant the term to be interpreted in a limited manner, or a convincing argument that limitation would advance the goal of the sentence enhancement provision, a broad definition of "another felony" provides the most sensible and reasonable interpretation of the legislative expression embodied in the statute, in view of the subject matter of the law and the goal of consecutive sentencing. The language of § 7401(3) evinces that the sentence for the other felony must be imposed before or simultaneously with the sentence for the enumerated offense.

2. In these cases, sentences for controlled substance violations were imposed either after or simultaneously with the imposition of sentence for "another felony" as that term is defined for purposes of § 7401(3). Pursuant to § 7401(3), the sentences imposed for the controlled substance offenses were

required to be imposed to run consecutively to the term of imprisonment imposed for commission of other controlled substance offenses, regardless of whether the offenses were committed as part of the same transaction or in different and distinct transactions. The trial courts correctly interpreted the law to mandate that the defendants be sentenced to consecutive terms of imprisonment.

Affirmed.

Justice LEVIN, joined by Justice CAVANAGH, dissenting, stated that in these controlled substance cases, evidence seized in one search was the basis of two convictions, and sales to the same undercover buyer or buyers were the bases of the multiple convictions. Under the circumstances, consecutive sentencing is not authorized.

The statute provides that a term of imprisonment imposed for conviction of controlled substance offenses for which there are mandatory minimum terms of imprisonment shall be imposed to run consecutively with any term of imprisonment imposed for commission of another felony. While the phrase "another felony" admittedly may be susceptible to alternative interpretations, there are canons of construction that support a narrower rather than a broad definition of "another felony." The most sensible and reasonable interpretation of the legislative expression, entirely consistent with the goal of the sentence enhancement provision, is the narrower construction.

The legislative purpose in requiring a consecutive sentence for another felony is to assure that the minimum sentence is not served concurrently with sentences for offenses for which concurrent sentencing is the norm. The Legislature separately and specifically provided for enhanced sentencing for repeat controlled substance offenders where the offender is convicted of a second or subsequent violation of the controlled substance act, or where the offender has been charged with a felony, and, pending the disposition of the charge, commits a subsequent offense that is a felony.

The result for which the majority writes is not consonant with reason and good discretion. Its construction further enlarges the power of the prosecutor in plea bargaining, adding additional hammers to the prosecutor's already substantial armory, and abdicates the responsibility of the Supreme Court to prevent injustice in the application of this sentence enhancement provision.

199 Mich App 96; 501 NW2d 219 (1993) affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people in *Morris* and *Hadley.*

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people in *Moreau.*

*Deming & Maurer* (by *John H. Deming*) for Morris.

State Appellate Defender (by *Sheila N. Robertson*) for Hadley.

*Michael J. McCarthy* for Moreau.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald Martin,* President, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief, Research, Training and Appeals, for the Prosecuting Attorneys Association of Michigan.

BOYLE, J. Defendants in the three cases before us have been convicted of multiple controlled substance offenses and sentenced to serve consecutive prison terms. Defendants challenge the consecutive nature of their sentences, arguing that their crimes do not fit within the relevant statutory provision mandating consecutive sentences. Consideration of this issue requires us to decide the scope of offenses included in the term "another felony" as used in the controlled substances act provision mandating that a sentence imposed for

violation of certain enumerated controlled drug offenses "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of *another felony.*" MCL 333.7401(3); MSA 14.15(7401)(3) (emphasis added). As an extension of this question in the case of defendant Hadley, we must also determine if a trial court is required to impose consecutive sentencing under § 7401(3) where a defendant is sentenced in the same proceeding for conviction of two offenses, the first covered under the mandatory consecutive sentencing provision of § 7401(3), but the second not covered by that provision.

We hold that the term "another felony" as used in § 7401(3) includes any felony for which the defendant has been sentenced either before or simultaneously with the controlled substance felony enumerated in § 7401(3) for which a defendant is currently being sentenced. The phrase applies to felonies violative of any provision of the controlled substances act, including additional violations of the same controlled substance provision as that for which the defendant is being sentenced, or any other felony. Further, sentences imposed in the same sentencing proceeding are assumed, for the purposes of § 7401(3), to be imposed simultaneously. Therefore, where any of the felonies for which a defendant is being sentenced in the same proceeding are covered by the mandatory consecutive sentencing provision of § 7401(3), the sentence for that felony must be imposed to run consecutively with the term of imprisonment imposed for other felonies.

Because defendants Morris, Hadley, and Moreau were sentenced to consecutive terms pursuant to § 7401(3), we affirm the decisions of the Court of Appeals.

I

A

*PEOPLE v MORRIS*

Defendant Otis Morris was charged in Ingham County with delivery of less than fifty grams of cocaine[1] and convicted of that charge on April 6, 1989. While on bond pending sentencing for the April 6 conviction, he sold less than fifty grams of cocaine to undercover Michigan State Police officers on three separate occasions, the first two transactions occurring in Ingham County and the third transaction in Eaton County. Morris was sentenced on May 31, 1989, to a prison term of five to twenty years for his April 6 conviction.

In June, 1989, Morris was charged in Ingham County with two counts of possession with intent to deliver less than fifty grams of cocaine and charged in Eaton County with one count of that same offense.[2] As noted, all three charges arose from the sales to undercover police while defendant was free on bond. In Eaton County, a supplemental information was filed charging him as an habitual offender.[3] On September 8, 1989, defendant was convicted of both counts charged in Ingham County. On September 18, 1989, Morris was also convicted of the cocaine delivery charge in Eaton County. At a separate hearing on October 31, the habitual offender charge was dismissed.

On September 19, 1989, Morris was sentenced in Ingham County to concurrent terms of ten to twenty years for conviction of the two possession

[1] MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

[2] *Id.*

[3] The habitual offender charge was filed pursuant to MCL 769.12; MSA 28.1084.

charges, to be served concurrently with his term of imprisonment for his original drug delivery conviction.[4] On February 15, 1990, Morris was sentenced in Eaton County to a six- to twenty-year prison term, to be served consecutively to any previous sentence the defendant was currently serving. At the Eaton County sentencing hearing, the trial court found that it was required to impose a consecutive sentence pursuant to § 7401(3).

On appeal from defendant's Eaton County conviction, the Court of Appeals held, inter alia, that consecutive sentencing was mandatory under § 7401(3). Unpublished memorandum opinion, issued March 19, 1993 (Docket No. 127558). We granted leave to appeal, limited to the issue of consecutive sentencing, and further ordered that the case be argued together with People v Hadley and People v Moreau. 446 Mich 851 (1994).

B

PEOPLE v HADLEY

On August 6, 1986, after a valid police search of his residence, defendant Robert Hadley was charged in an eight-count information with illegally manufacturing, delivering, or possessing with intent to deliver various drugs.[5] The defendant was also charged in a supplemental information as a

---

[4] At oral argument before this Court, defense counsel acknowledged that the last two Ingham County charges should have been imposed to run consecutively to the sentence imposed for the first conviction, pursuant to MCL 768.7b; MSA 28.1030(2). The transaction underlying the Eaton County charge was also completed pending sentencing for the April 6 conviction. This issue, however, is not before the Court.

[5] MCL 333.7401(2)(a)(iii), (iv), (b) and (c); MSA 14.15(7401)(2)(a)(iii), (iv), (b) and (c). Hadley was charged with dealing in pethidine, morphine, codeine, phenmetrazine, tuinol, lysergic acid diethylamide, marijuana, and diazepam.

second or subsequent offender under the pertinent provision of the controlled substances act.[6]

Hadley failed to appear for trial in April, 1987, and absconded on bond until arrested and arraigned in October, 1990. On January 14, 1991, defendant pleaded guilty of possession with intent to deliver more than fifty, but less than 225 grams of pethidine and possession with intent to deliver less than fifty grams of morphine.[7] All other charges against Hadley, including absconding and second offender charges, were dropped.

Hadley was originally sentenced on March 18, 1991, to serve a ten- to twenty-year sentence for the pethidine delivery conviction concurrently with a one- to twenty-year sentence for the morphine delivery conviction. The pethidine sentence was pronounced immediately before the morphine sentence during the same proceeding. Approximately one and one-half hours after the original sentencing proceeding was concluded, it was reconvened, and the number of credit days due the defendant was corrected from 144 to 162. In addition, the circuit court found that § 7401(3) required that the sentences imposed run consecutively.

In a split decision, the Court of Appeals upheld the consecutive sentence. 199 Mich App 96; 501 NW2d 219 (1993). We granted leave to appeal the consecutive sentencing issue, and ordered that the case be argued with *Morris* and *Moreau*. 446 Mich 851 (1994).

C

*PEOPLE v MOREAU*

While apparently on probation for a conviction

---

[6] MCL 333.7413; MSA 14.15(7413).

[7] MCL 333.7401(2)(a)(iii), (iv); MSA 14.15(7401)(2)(a)(iii), (iv).

for delivery of less than fifty grams of cocaine,[8] defendant Omott Moreau sold cocaine to an undercover Oakland County sheriff's deputy on three occasions between June 1 and July 9, 1990. Defendant was convicted on May 7, 1991, of three counts of delivery of more than fifty, but less than 225 grams of cocaine[9] and sentenced to three consecutive prison terms of ten to twenty years. These sentences were also ordered to be served consecutively to Moreau's sentence of one to twenty years imposed for the conviction of his original cocaine delivery charge. At the sentencing hearing, the circuit court stated its opinion that consecutive sentencing was mandatory.

On appeal, the Court of Appeals, inter alia, upheld consecutive sentencing of the defendant, citing the provisions of § 7401(3). Unpublished opinion per curiam, issued October 26, 1993 (Docket No. 141413). Leave to appeal was granted by this Court, to be argued with *Morris* and *Moreau.* 446 Mich 851 (1994).

II

A

Our issue in the present cases is one of statutory construction. No challenge has been raised regarding the constitutional validity of § 7401(3) on its face or as applied. See *People v Bullock,* 440 Mich 15, 27-43; 485 NW2d 866 (1992), see also *id.* at 43-45 (MALLETT, J., concurring in part and dissenting in part), and at 72-76 (BOYLE, J., concurring in part and dissenting in part). The defendants assert only that the Legislature did not intend the relevant statutory provision, requiring that the term of

---

[8] MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

[9] MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii).

imprisonment for one of the enumerated felonies "be imposed to run consecutively with any term of imprisonment imposed for the commission of *another felony*," MCL 333.7401(3); MSA 14.15(7401)(3) (emphasis added), to apply to the circumstances presented in their cases.

The defendants present somewhat distinct positions. Defendant Morris asserts that the statute is intended only to apply to noncontrolled substance offenses that are committed in the same transaction as those offenses enumerated in § 7401(3). Defendant Hadley agrees that application of the consecutive sentencing provision should be limited to noncontrolled substance offenses, but, contrary to Morris, would restrict application of § 7401(3) to such offenses committed in transactions distinct from the controlled substance offense to which the consecutive sentencing provision applies. Defendant Moreau does not dispute consecutive sentencing where a defendant has committed multiple controlled substance offenses.[10] He asserts, however, that consecutive sentencing was not intended to apply to a series of like transactions engaged in with the same undercover police officers over a limited period of time. Instead, he proposes that the statute should apply only where a defendant has committed distinct and different crimes.

We cannot agree with any of the defendants' various interpretations of the phrase "another felony" in § 7401(3), and hold that the lower courts properly construed the statute to require consecutive sentencing in all three cases.

[10] Moreau only challenges consecutive sentencing for the transactions engaged in during June and July, 1990, but does not question that the sentences for those crimes should be served consecutively to the sentence imposed for his original cocaine delivery conviction. Whether § 7401(3) or some other statutory provision dictated this result is not at issue before this Court.

B

The goal of statutory construction is to effect the intent of the Legislature. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). If the statute is clear, we enforce its directive. *Id., People v Blodgett,* 13 Mich 127, 167-168 (1865) (COOLEY, J.). It is only where a statute is unclear and susceptible to more than one interpretation that judicial construction is allowed. *Victorson v Dep't of Treasury,* 439 Mich 131, 138; 482 NW2d 685 (1992).

While the phrase in question may admittedly be susceptible to alternative interpretations,[11] it still remains for this Court to construe "another felony" in a manner that is most consistent with the legislative aim in enacting the statute. Defendants' arguments hinge on our authority to find a legislative intent that "another felony" should be given a limited reach. Although concurrent sentencing is the norm in this state, *People v Sawyer,* 410 Mich 531, 534; 302 NW2d 534 (1981), § 7401(3) supplies the clear statutory authority necessary to impose consecutive sentences. The statute, in fact, mandates that practice in the appropriate circumstances.

Although penal in nature, § 7401(3) is part of the Public Health Code. Provisions of that code are to be "liberally construed for the protection of the

---

[11] *The Random House Dictionary of the English Language: Unabridged Edition* provides several definitions of "another":

   1. a second; a further; an additional; *another piece of cake.* 2. a different; a distinct; of a different kind; *at another time; another man.—pron.* 3. one more; an additional one; *Try another.* 4. a different one; something different; *going from one house to another.* 5. one like the first; *one copy for her and another for him.* 6. one another, one (person or thing) in relation to another; each other; *Love one another.*

health, safety, and welfare of the people of this state." MCL 333.1111(2); MSA 14.15(1111)(2). This directive runs contrary to the defendants' claim that the general rule of lenity should be applied to resolve any ambiguity in the statute against the imposition of harsher punishment. *Sawyer, supra* at 536. Acknowledging the penal nature of the statute before us, resort to the statutory rules of construction for the Penal Code, MCL 750.2; MSA 28.192, further counsels against the strict construction of the statute advocated by the defendants:

> The rule that a penal statute is to be strictly construed shall not apply to [the Penal Code] or any of the provisions thereof. All provisions of [the Penal Code] shall be construed according to the fair import of their terms, to promote justice and to effect the objects of the law.

Pursuant to the statutory directive of both the Public Health Code and the Penal Code, we must interpret the statute in a manner that most effectively protects the health, safety, and welfare of the people of this state and effects the object sought to be advanced by the statute.

The enhancement of punishment through consecutive sentencing is a legislative action taken for the ostensible purpose of deterring certain criminal behavior. *People v Harden,* 434 Mich 196, 201; 454 NW2d 371 (1990). With its focus on enhancement of the punishment for commission of certain controlled substance offenses, it is apparent that the aim of § 7401(3) is to deter commission of those offenses by mandating that sentences imposed for the drug crimes enumerated in the statute run consecutively to sentences imposed for other felonies. Absent a convincing indication that the Legislature meant the term to be interpreted in a

limited manner, or a convincing argument that limitation would advance the goal of the sentence enhancement provision, a broad definition of "another felony" provides the most sensible and reasonable interpretation of the legislative expression embodied in the statute, in view of the subject matter of the law and the goal of consecutive sentencing. *Blodgett, supra* at 168. Given that there are no contrary indications or canons of construction, it follows that "another felony" must be defined to include any other felony violation for which a defendant is being sentenced. Limitation of the reach of the phrase in such situations would be a distortion of the unrestricted statutory directive without adequate justification.

C

While not dispositive, it is persuasive that the defendants' arguments advocating a limited reading of "another felony" in § 7401(3) have been unanimously rejected by numerous Court of Appeals panels, which have found the phrase to unambiguously require consecutive sentencing in various factual scenarios. See, e.g., *People v Cline,* 190 Mich App 1; 475 NW2d 362 (1991) (a consecutive sentence was upheld where the defendant pleaded guilty of two counts of delivery of less than fifty grams of cocaine, committed on consecutive days, and charged in the same information); *People v Mamon,* 190 Mich App 124; 475 NW2d 378 (1991) (rejecting the defendant's argument that § 7401[3] is ambiguous, the Court affirmed an order that the prison term for delivery of cocaine was to run consecutively to sentences imposed for receiving and concealing stolen property); *People v Nolan,* 203 Mich App 628; 513 NW2d 237 (1994) (affirmed application of § 7401[3] to require sen-

tences for two controlled substance offenses to run consecutively to each other, and for three concurrent criminal sexual conduct sentences to run consecutively to the controlled substance sentences, even though the defendant's sentences were further enhanced under provisions of MCL 333.7413[2]; MSA 14.15[7413][2]). In *People v Kent,* 194 Mich App 206; 486 NW2d 110 (1992), consecutive sentences for two counts of delivery of less than fifty grams of cocaine were affirmed. The Court held, inter alia, that the term "another felony" in § 7401(3) should be interpreted broadly to include "the commission of an additional felony violation of the same controlled substances provision, the commission of a different felony violation of the controlled substances act, or the violation of any other felony provision." *Id.* at 209.

D

Section 7401(3) does not contain within it any words to suggest that the scope of "another felony" should be limited, and defendants concede that no intent to so limit the statute can be found in the legislative history of the statute. Defendant Hadley advances the argument that the lack of an explicit statement in the statute that its consecutive sentencing provision applies to multiple controlled substance violations in the same transaction supports his argument that the provision was only meant to apply to multiple violations during different transactions. He also argues that if the Legislature intended the statute to apply to sentencing for multiple controlled substance violations, it would have said so. While we acknowledge that in some statutes the authorization for consecutive sentencing is limited to multiple violations

during the same transaction,[12] we find that the absence of such words of limitation in the statute at issue supports, rather than calls into question, the argument that a restriction was not intended by the Legislature when a sentence for one of the felonies enumerated in § 7401(3) is imposed after or simultaneously with the imposition of sentence for another felony. If the Legislature means to limit the reach of a statute, it has demonstrated the ability to do so.

E

Defendants assert that a broad interpretation of "another felony" to include controlled substance offenses results in the overlap of several sentence enhancement provisions, specifically MCL 768.7b; MSA 28.1030(2) and MCL 333.7413; MSA 14.15(7413), and renders them redundant and unnecessary. We cannot agree that duplicity dictates a limited interpretation of § 7401(3).

In pertinent part, MCL 768.7b(1); MSA 28.1030(2)(1) provides that when a person is charged with a felony and, *"pending the disposition of the charge,"* commits a subsequent major controlled substance offense,[13] the sentence for the prior offense and the subsequent offense shall run consecutively. A charge remains "pending" for the purposes of § 7b "until a defendant is sentenced on

___

[12] See MCL 750.110a(6); MSA 28.305(a)(6) (imprisonment for commission of any other felony arising from the same transaction as first-degree home invasion), MCL 750.529a(2); MSA 28.797(a)(2) (any other sentence imposed for a conviction that arises out of the same transaction as carjacking), MCL 750.479b(4); MSA 28.747(2)(4) (any term of imprisonment imposed for another violation arising from the same transaction as taking firearms or other weapons from peace officers and corrections officers).

[13] "Major controlled substance offense," as used in § 7b, means any violation of MCL 333.7401(2)(a); MSA 14.15(7401)(2)(a) or MCL 333.7403(2)(a)(i) to (iv); MSA 14.15(7403)(2)(a)(i) to (iv), or conspiracy to commit those offenses. MCL 761.2; MSA 28.843(12).

the conviction arising out of the first offense and until the original charge arising out of the first offense is dismissed." *People v Smith,* 423 Mich 427, 452; 378 NW2d 384 (1985) (WILLIAMS, C.J.). The purpose of this statute is "to deter those charged with one felony from committing another prior to final disposition of the first. Absent such a deterrent, a person could be assured of 'one free crime' because of the usual policy of concurrent sentencing." *Id.* at 450. Section 7b therefore requires consecutive sentencing where a defendant commits a major controlled substance offense after being charged, but before being sentenced for a prior felony.

Section 7401(3) does not rely on the pendency of other charges when the controlled substance offenses enumerated in the statute as subject to consecutive sentencing are committed. That the sentence for the drug transaction is to be imposed "to run consecutively with any term of imprisonment *imposed* for the commission of another felony" (emphasis added), however, does evince a requirement that the sentence for the other felony be imposed before, or simultaneously with the sentence for the enumerated offense. While there may be some overlap, we cannot say that such overlap renders either statute superfluous. See *Kent, supra* at 209; *Mamon, supra* at 126.

The cases before us demonstrate the different circumstances in which the statutes apply. In the case of Morris, the defendant committed controlled substance offenses while disposition of a prior felony charge was pending, thus presenting the possibility, pursuant to facts not at issue before us, that this sentence should have been imposed to run consecutively under the provisions of § 7b.[14]

---

[14] See n 4.

Admittedly, the same result would be dictated by § 7401(3) under a broad interpretation of "another felony."

Only § 7401(3), applying a broad reading of "another felony," however, is available to enhance the portions of the defendants' sentences being reviewed by this Court. Section 7b is not applicable to sentencing for the crimes before us because both (1) the offenses identified as subject to consecutive sentencing in § 7401(3) and (2) the offenses whose status as "another felony" is at issue were committed before charges arising from those events were brought. Therefore, no pending felony charges existed to meet the conditions for application of § 7b. Were we to interpret "another felony" as not including other controlled substance offenses as defendants advocate, § 7401(3) would also be inapplicable to the present cases because all the pertinent crimes at issue are controlled substance offenses. Beyond merely benefiting the present defendants, however, such an interpretation would allow a defendant to commit any number of those offenses identified in § 7401(3) before being initially charged with any offense, without concern for the prospect of enhanced punishment due to normal concurrent sentencing practices. In essence, a defendant would be allowed the opportunity to commit numerous "free" controlled substance crimes—precisely those crimes being sought to be deterred by § 7401(3). See *Smith, supra* at 450.

MCL 333.7413; MSA 14.15(7413) presents even less overlap with § 7401(3) than does § 7b. It consequently presents a less convincing argument for limiting the definition of "another felony." Section 7413 articulates particular enhanced punishments for the second or subsequent commission of certain controlled substance offenses. The statute, by its

express terms, is only applicable to multiple con-
trolled substance offenses. This fact, however, is of
no moment to our consideration of the reach of
§ 7401(3). The enhancement articulated by § 7413
is in the form of increased sentences for subse-
quent drug offenses, representing a legislative at-
tempt to deter a return to previously punished
conduct, but does not address the consecutive or
concurrent nature of sentences imposed together.
The statutes therefore address two different en-
hancement devices that do not conflict when "an-
other felony" is interpreted to include other con-
trolled felony offenses. *Nolan, supra; People v
Davenport,* 205 Mich App 399; 522 NW2d 339
(1994).

F

Defendants also assert that a broad interpreta-
tion of "another felony" interferes with a trial
court's sentencing discretion. Defendants' argu-
ment, however, misapprehends the role of the
Legislature in proscribing punishment for certain
conduct.[15]

It is true that the Legislature has delegated
constitutional authority to "pronounce judgment
against and pass sentence upon a person convicted
of an offense in that court." MCL 769.1; MSA
28.1072. See also Const 1963, art 4, § 45. The range
of punishment for commission of any particular
felony, however, is prescribed by the Legislature.
Broad interpretation of terms in a statute passed

---

[15] Defendants also argue that a broad interpretation of "another
felony" allows law enforcement and prosecuting authorities to im-
properly lengthen minimum sentences that must be imposed on a
particular offender by engaging in a number of controlled substance
transactions with a defendant before the executive decision to arrest
and charge. Because we find no abusive practices in the instant case,
we find it unnecessary to address this issue.

by the Legislature directed at deterring criminal conduct by enhancing punishment through consecutive sentences does not represent an invasion of delegated judicial authority to pass sentence. "To declare what shall constitute a crime, *and how it shall be punished,* is an exercise of the sovereign power of a state, and is inherent in the legislative department of the government." *People v Hanrahan,* 75 Mich 611, 619; 42 NW 1124 (1889) (emphasis added).

III

Defendant Hadley advances the argument that consecutive sentencing is not authorized in his case because at his sentencing proceeding he was sentenced for an offense included in § 7401(3) (possession with intent to deliver between fifty and 225 grams of pethidine) before being sentenced for another felony offense that was not enumerated in the statute (possession with intent to deliver less than fifty grams of morphine) at the time of commission of the offense.[16] Citing *People v Hunter,* 202 Mich App 23; 507 NW2d 768 (1993), Hadley asserts that at the time of sentencing for his enumerated offense, no other sentence existed to which that sentence could be imposed consecutively.

In *Hunter,* the Court found that a judge who sentenced the defendant to a controlled substance offense not included in § 7401(3) after the imposition of a sentence for an enumerated offense had no statutory authority to impose the latter sen-

[16] In 1986, at the time of Hadley's offenses, the version of § 7401(3) then in effect did not include possession with intent to deliver less than fifty grams of a controlled substance in the list of offenses for which consecutive sentencing was mandated. See 1978 PA 147. A statutory amendment to include that offense was effective March 30, 1988. 1987 PA 275.

tence to run consecutively. Relying, in part, on this Court's decision in *People v Chambers,* 430 Mich 217; 421 NW2d 903 (1988), the Court also noted that the first judge imposing sentence did not have authority to impose a consecutive sentence because no predicate sentence had yet been imposed.

*Hunter* is distinguishable from the case at bar. In *Hunter,* the defendant was being sentenced in two separate proceedings conducted on successive days by different judges. In the present case, sentences for both crimes were imposed at one proceeding within seconds of each other by the same judge. It is inaccurate in such circumstance to characterize imposition of the second sentence as being "subsequent" to the first. In light of the synchronous nature of the judge's deliberation and action, a more accurate characterization of such a proceeding is that sentences were imposed simultaneously. Such a proceeding brings the imposition of those sentences within the scope of § 7401(3)'s consecutive sentencing provision.[17]

### IV

The paucity of support for a limited interpretation of the statute at issue reveals that defendants' argument, in essence, is a claim that the policy of consecutive sentencing is misguided. That numerous Court of Appeals panels have rejected such

---

[17] While this Court made a policy decision in *Chambers, supra,* that the imposition of a consecutive sentence by one judge on the basis of a sentence yet to be imposed by another judge does not constitute sound sentencing practice, but see *id.* at 232-240 (BOYLE, J., dissenting), such policy does not apply to the circumstance presented in the instant case, where both sentences are being imposed immediately after one another by the same judge in the same proceeding. Because a single judge is passing sentence for both crimes at the same time, no sentencing discretion is even arguably being interfered with in such circumstances.

claims in a variety of circumstances is evidence that judicial misgivings regarding the wisdom of the policy do not provide a legal foundation for overriding legislative intent. While there may be those among us who might question the efficacy and wisdom of the Legislature's policy, we likewise have no doubt with regard to the policy adopted. We agree with all our colleagues in the appellate judiciary who have passed on this issue. The wisdom of the policy is a political question to be resolved in the political forum. To reach a contrary result would be simply to repudiate the legislative choice.

Because a broad interpretation of "another felony" is required by § 7401(3), we hold that consecutive sentencing was mandated in the three cases before us.

Defendant Morris' sentence for conviction of his Eaton County cocaine delivery charge was imposed after imposition of sentences for other controlled substance felony convictions. Because the Eaton County offense is one of the offenses enumerated in § 7401(3) as requiring consecutive sentencing, the circuit court correctly imposed such a sentence for conviction of that crime. All three of the cocaine delivery convictions for which defendant Moreau was simultaneously sentenced are also included in § 7401(3)'s mandatory consecutive sentencing list. Pursuant to the express language of the statute, consecutive sentencing in that case was mandated.

In *Hadley*, the result dictated by the statute is the same as in *Morris* and *Moreau*. Although Hadley's felony offense of possession with intent to deliver less than fifty grams of a controlled substance was not stated as requiring mandatory sentencing under § 7401(3) at the time of Hadley's commission of that crime, the imposition of the

sentence for that offense occurred simultaneously
with the imposition of sentence for a possession
with intent to deliver conviction that was included
in those felonies enumerated in § 7401(3) at the
time of its commission. As a consequence, consecu-
tive sentencing was mandated by law. This result
is not altered by the imposition of sentence for the
enumerated felony before sentencing for another
felony in the same sentencing proceeding.

V

In light of the absence of words of limitation in
the statute, and because of the lack of evidence
that there was a legislative intent to limit the
scope of the term "another felony" in § 7401(3), we
hold that the term includes any felony for which
the defendant has been sentenced either before or
simultaneously with the controlled substance fel-
ony enumerated in § 7401(3) for which a defendant
is currently being sentenced. This represents the
most sensible and reasonable interpretation of
"another felony" in light of the intent of the law
to deter the commission of controlled substance
offenses through the imposition of consecutive sen-
tences. The phrase applies to felonies that violate
any provision of the controlled substances act,
including additional violations of the same con-
trolled substance provision as that for which the
defendant is being sentenced or any other felony.
Sentences imposed in the same sentencing pro-
ceeding are assumed, for the purposes of § 7401(3),
to be imposed simultaneously. Where any of the
felonies for which a defendant is being sentenced
in the same proceeding are covered by the manda-
tory consecutive sentencing provision of § 7401(3),
the sentence for that felony must be imposed to
run consecutively to the term of imprisonment
imposed for other, nonenumerated felonies.

In all three of the cases before us, sentences for controlled substance violations were imposed either after or simultaneously with the imposition of sentence for "another felony" as that term is properly defined for purposes of § 7401(3). Pursuant to § 7401(3), the sentences imposed for the controlled substance offenses in all three cases were required to be imposed to run consecutively to the term of imprisonment imposed for commission of other controlled substance offenses, regardless of whether the offenses were committed as part of the same transaction or in different and distinct transactions. The trial courts correctly interpreted the law to mandate that defendants be sentenced to consecutive terms of imprisonment.

The decisions of the Court of Appeals in *Morris, Hadley,* and *Moreau* are affirmed.

BRICKLEY, C.J., and RILEY, MALLETT, and WEAVER, JJ., concurred with BOYLE, J.

LEVIN, J. (*dissenting*). The question presented concerns consecutive sentencing where the offender is convicted of more than one controlled substance offense. In the instant cases, evidence seized in one search was the basis of two convictions (*Hadley*), and sales to the same undercover buyer (*Moreau*) or buyers (*Morris*) were the bases of the multiple convictions. The majority holds that consecutive sentencing is mandatory. I would hold that it is not authorized.

I

The defendants, in these cases, consolidated on appeal, have been convicted of controlled substance offenses for which the statute[1] provides a mandatory minimum term of imprisonment of one

[1] MCL 333.7401; MSA 14.15(7401), MCL 333.7403; MSA 14.15(7403).

year (less than fifty grams),[2] ten years (fifty but less than 225 grams),[3] twenty years (225 but less than 650 grams), and life imprisonment without possibility of parole (650 grams or more).[4]

On the basis of the evidence seized in a search of his home, Robert Bruce Hadley was sentenced to serve a minimum term of ten to twenty years for possession with intent to deliver fifty to 225 grams, and a minimum term of one to twenty years for possession with intent to deliver less than fifty grams—the minimum terms aggregating eleven years.

Omott C. Moreau was sentenced to serve three

[2] Otis Morris was convicted in April, 1989, of delivering in late 1988, less than fifty grams of cocaine, and was sentenced in May, 1989, to five to twenty years. While free on bond and awaiting sentencing, Morris delivered less than fifty grams to an undercover officer in April, 1989, and then delivered less than fifty grams to the same officer in early May, 1989. He was convicted of two counts of delivering less than fifty grams and sentenced to ten to twenty years concurrent with each other and consecutive to the May, 1989, sentence.

Dealing with the same officer to whom he sold cocaine in late April and early May, 1989, Morris and the undercover officer proceeded from Ingham County, where all the other transactions had occurred, across the border to Eaton County, where another undercover buyer purchased less than fifty grams, for which, following conviction, Morris was sentenced to serve a six- to twenty-year consecutive sentence in the instant case.

[3] During a search of Robert Bruce Hadley's home, located in Eaton County, the police found a variety of different controlled substances. He was charged with eight counts relating to various drugs and pleaded guilty of one count of possession with intent to deliver fifty to 225 grams of pethidine and one count of possession with intent to deliver under fifty grams of morphine. He was sentenced to serve consecutive minimum terms of ten to twenty and one to twenty years for those convictions, which were based on evidence obtained in the same search.

Omott C. Moreau was convicted pursuant to three one-count informations of delivering fifty to 225 grams in Oakland County on evidence that he sold two ounces of cocaine to an undercover officer, twelve days later sold three ounces to the same officer, and twenty-six days later, sold two ounces to the same officer. He was sentenced to serve three consecutive ten- to twenty-year sentences.

[4] None of the defendants in the instant cases were convicted of controlled substance offenses involving 225 grams or more.

consecutive minimum ten- to twenty-year terms—aggregating thirty minimum years—for delivery of more than fifty but less than 225 grams on three separate occasions in a six-week period to the same undercover officer.

Otis Morris was sentenced in Eaton County to serve six (and thus more than the minimum one year) to twenty years for sale of less than fifty grams to an undercover buyer consecutive to sentences that had been imposed in Ingham County for sales in the same two-month period as the Eaton County transaction to an undercover officer who introduced Morris to the buyer in the instant case.

## II

The statute provides that a term of imprisonment imposed for conviction of controlled substance offenses for which there are mandatory minimum terms of imprisonment "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of *another felony*."[5] (Emphasis added.)

---

[5]   (1) Except as authorized by this article, a person shall not manufacture, *create,* deliver, or possess with intent to manufacture, *create,* or deliver a controlled substance, a prescription form, an official prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 *that* is a narcotic drug or *a drug* described in section 7214(a)(iv) and:

(i) Which is in an amount of 650 grams or more of any mixture containing that substance is guilty of a felony and shall be imprisoned for life.

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, or any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 20 years nor more than 30 years.

The defendants contend that "another" in "another felony" means a felony other than a controlled substance offense, while the prosecutors contend that a controlled substance offense is also "another felony."

The majority acknowledges that "the phrase in question may admittedly be susceptible to alternative interpretations," citing the following "several definitions of 'another' ":

> 1. a second; a further; an additional; *another piece of cake.* 2. a different; a distinct; of a different kind; *at another time; another man.—pron.* 3. one more; an additional one; *Try another.* 4. a different one; something different; *going from one house to another.* 5. one like the first; *one copy for her and another for him.* 6. one another, one

---

(iii) Which is in an amount of 50 grams or more, but less than 225 grams, or any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 10 years nor more than 20 years.

* * *

(3) A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, except and only to the extent that those provisions permit probation for life, and shall not receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction.

(4) The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so. [MCL 333.7401; MSA 14.15(7401) as last amended by 1994 PA 221.]

Section 7403 prescribes the same penalties for possession, as distinguished from possession with intent to deliver, of the same quantities, except that the penalty for possession of less than twenty-five grams is a discretionary "not more than 4 years"; the one-year minimum is for possession of twenty-five but less than fifty grams.

Section 7403 also provides for departure from a minimum term for "substantial and compelling reasons to do so."

(person or thing) in relation to another; each other; *Love one another.* [*The Random House Dictionary of the English Language: Unabridged Edition.*][6]

The majority continues that it is this Court's obligation "to construe 'another felony' in a manner that is most consistent with the legislative aim in enacting the statute."[7]

The majority further acknowledges that "concurrent sentencing is the norm in this state,"[8] but concludes:

> Absent a convincing indication that the Legislature meant the term to be interpreted in a limited manner, or a convincing argument that limitation would advance the goal of the sentence enhancement provision, a broad definition of "another felony" provides the most sensible and reasonable interpretation of the legislative expression embodied in the statute, in view of the subject matter of the law and the goal of consecutive sentencing. [*People v*] *Blodgett* [13 Mich 127, 168 (1865)]. Given that there are no contrary indications or canons of construction, it follows that "another felony" must be defined to include any other fel-

---

[6] *Ante,* p 326, n 11, and accompanying text.
See also *Random House Webster's College Dictionary,* p 57:

another. . . . 1. being one more or more of the same; further; additional: *Please have another piece of cake.* 2. different; distinct; of a different kind: *at another time; another man.* 3. very similar to; of the same kind or category as: *another Martin Luther King, Jr.—pron.* 4. one more; an additional one. 5. a different one; something different: *going from one thing to another.* 6. one like the first: *one copy for her and another for him.* 7. a person other than oneself or the one specified: *He told her he loved another.*

[7] *Ante,* p 326.

[8] *Id.,* citing *People v Sawyer,* 410 Mich 531, 534; 302 NW2d 534 (1981).

ony violation for which a defendant is being sentenced. Limitation of the reach of the phrase in such situations would be a distortion of the unrestricted statutory directive without adequate justification.[9]

There are, I believe, however, "contrary indications."[10] There are "canons of construction"[11] that support a narrower rather than a "broad definition of 'another felony.' "[12] The "most sensible and reasonable interpretation of the legislative expression,"[13] entirely consistent with the "goal of the sentence enhancement provision"[14] is, I believe, the narrower construction.

### III

The legislative purpose ("goal") in requiring that the minimum term of imprisonment imposed upon conviction of a controlled substance offense be served consecutively to a sentence for another felony is to assure that the minimum sentence is not served concurrently with sentences for offenses[15] for which concurrent sentencing is the norm.[16]

The Legislature separately and specifically provided for enhanced sentencing for repeat controlled substance offenders where the offender is convicted of a "second or subsequent" violation of

[9] *Ante,* pp 327-328.

[10] *Id.,* p 328.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] E.g., the common law, now statutory, offenses, assaultive (murder, criminal sexual conduct) and theft (robbery, burglary, larceny).

[16] See n 8 and accompanying text.

the controlled substance act,[17] or where the offender has been charged with a felony, and "pending the disposition of the charge, commits a subsequent offense that is a felony . . . ."[18]

---

[17] (1) An individual who was convicted previously for a violation of any of the following offenses and is thereafter convicted of a second or subsequent violation of any of the following offenses shall be imprisoned for life and shall not be eligible for probation, suspension of sentence, or parole during that mandatory term:

(a) A violation of section 7401(2)(a)(ii) or (iii).

(b) A violation of section 7403(2)(a)(ii) or (iii).

(c) Conspiracy to commit an offense proscribed by section 7401(2)(a)(ii) or (iii) or section 7403(2)(a)(ii) or (iii).

(2) Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

* * *

(5) For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug. [MCL 333.7413; MSA 14.15(7413).]

See n 5 for text of § 7401(2)(a)(ii) and (iii). Section 7403 prescribes the same penalties for possession, as distinguished from possession with intent to deliver, of the same quantities.

[18] (1) Beginning April 1, 1988, and through December 31, 1991, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively.

(2) Beginning January 1, 1992, if a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere to the subsequent offense, the following shall apply:

(a) Unless the subsequent offense is a major controlled substance offense, the sentences imposed for the prior charged offense and the subsequent offense may run consecutively.

(b) If the subsequent offense is a major controlled substance

Parenthetically, it is noteworthy that the pending "subsequent offense" controlled substance sentence enhancement provision refers to a "subsequent offense that is *a* felony," (emphasis added) which, as set forth in the statute, includes subsequent offenses that are and those that are not controlled substance offenses.[19] The textual argument for the "broad definition of 'another felony'" adopted by the majority might be somewhat stronger if the Legislature had mandated consecutive sentencing "with any term of imprisonment imposed for commission of *a* felony" (emphasis added) rather than "another felony."

To be sure, the "second or subsequent" and the pending "subsequent offense" controlled substance sentencing enhancement provisions do not cover every possible repeat offense, and do not necessarily include multiple offenses arising out of the same search or transaction, or multiple sales to the same undercover officer or buyers. There is, however, no more reason to assume from this omission that the Legislature, in enacting the "another felony" sentence enhancement provision, meant to cover these situations not covered by other sentence enhancement legislation than there is to believe that the Legislature was content to cover the situations dealt with in the separate and specific controlled substance sentence enhancement legislation.

The probability is that the Legislature did not focus at all on the scenarios with which we are confronted in the instant cases.

---

offense, the sentences imposed for the prior charged offense and the subsequent offense shall run consecutively.

(3) The department of corrections shall report to the legislature no later than June 1, 1991, on the impact that the amendatory act that added this subsection has had on prison capacity and population. [MCL 768.7b; MSA 28.1030(2).]

[19] *Id.*

[A]s Karl Llewellyn observed, only infrequently "a legislative intent with some concrete reality can be uncovered in circumstance or legislative history. For the rest, the court's work is not to *find,* any more than it is with case law. It is to *do,* responsibly, fittingly, intelligently, with and within the given frame." (Emphasis by author.) Llewellyn, The Common Law Tradition, Deciding Appeals, p 382. Much the same point was made in language quoted approvingly in *Wyandotte Savings Bank v State Banking Commissioner* [347 Mich 33], 40-41 [78 NW2d 612 (1956)]: " ' "the intention is to be taken or presumed, according to what is consonant to reason and good discretion." ' " 1 Kent's Commentaries (14th ed), p 462. [*People v McFarlin,* 389 Mich 557, 564-565; 208 NW2d 504 (1973).]

In *McFarlin,* the question was whether the statutory provision prohibiting use of a juvenile record as "evidence" "for any purpose whatever" in any civil, criminal, or any other cause or proceeding barred consideration of an adult offender's juvenile offense record as a factor in imposing sentence. *Id.,* p 565. In holding that such use was not barred, this Court said:

> [W]here "language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby. Its occasion and necessity are matters of judicial concern, and its purpose should be effected if possible. Its spirit and purpose should prevail over its strict letter. Injustice in its application should be prevented, and absurd consequences avoided." (Citations omitted.) *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531 [33 NW2d 69] (1948).
>
> Few words have a "content so intrinsic" that their meaning does not become doubtful in the context of a particular question. *Wyandotte Savings Bank v State Banking Comm'r,* 347 Mich 33,

40 (1956). G.A. Endlich, in his treatise on statutory construction, said:

"Language is rarely so free from ambiguity as to be incapable of being used in more than one sense; and to adhere rigidly to its literal and primary meaning in all cases would be to miss its real meaning in many. If a literal meaning had been given to the laws which forbade a layman to lay hands on a priest, and punished all who drew blood in the street, the layman who wounded a priest with a weapon would not have fallen within the prohibition, and the surgeon who bled a person in the street to save his life, would have been liable to punishment. On a literal construction of his promise, Mahomed II.'s sawing the Venetian governor's body in two, was no breach of his engagement to spare his head; nor Tamerlane's burying alive a garrison, a violation of his pledge to shed no blood. On a literal construction, Paches, after inducing the defender of Notium to a parley under a promise to replace him safely in the citadel, claimed to be within his engagement when he detained his foe until the place was captured, and put him to death after having conducted him back to it; and the Earl of Argyll fulfilled in the same spirit his promise to the laird of Glenstane, that if he would surrender he would see him safe to England; for he hanged him only after having taken him across the Tweed to the English bank." Endlich, Interpretation of Statutes (Linn & Company ed 1888), § 25, pp 33-34. [389 Mich 563-564.]

IV

In *McFarlin*, this Court also said that the "teleological approach has great appeal to judges who recognize that law should make sense to the people who must live with it. In *Magnuson v Kent Co Bd of Canvassers*, 370 Mich 649, 657 [122 NW2d 808] (1963), this Court said: 'We may in the construction of an ambiguous statute *look to the result* of the construction to aid us in determining legislative intent.' "[20] (Emphasis added.)

---

[20] *McFarlin, supra*, p 565.

The result of the "broad definition of 'another felony' "[21] adopted by the majority is that an undercover officer may, as in *Moreau,* buy two ounces of cocaine from the offender on one day, twelve days later three ounces, and twenty-six days later two ounces, and the offender is subject to minimum sentences aggregating thirty years—ten minimum years for each sale in the six-week period. Thus, if the authorities were to decide to delay arresting the offender for another six weeks, they might arrange three to seven additional sales, adding thirty to seventy minimum years—tantamount to a life sentence of sixty to one hundred minimum years. That construction should "aid us" in determining that the Legislature did not so intend. The result for which the majority writes is not "consonant to reason and good discretion."

The majority's construction further enlarges the power of the prosecutor in plea bargaining, adding additional hammers to the prosecutor's already substantial armory. The construction adopted by the majority abdicates our responsibility to prevent injustice in the application[22] of this sentence enhancement provision.

V

I would, in all events, remand in *Hadley* and *Moreau* to consider whether there are "substantial and compelling reasons" to depart from the mandatory minimum consecutive sentences.[23]

CAVANAGH, J., concurred with LEVIN, J.

---

[21] *Ante,* p 328.

[22] See *Webster v Rotary Electric Steel Co, supra,* p 531. See also *Marquis v Hartford Accident & Indemnity (After Remand),* 444 Mich 638, 644; 513 NW2d 799 (1994).

[23] In *Morris,* the consecutive minimum sentence imposed was six years rather than the mandatory one-year minimum. The judge apparently chose to depart upward.